UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**J. PHILIP LAWROSKI,**

      **Plaintiff,**

                                        **Civil Action 2:11-cv-1074**
    **v.**                                      **Judge Edmund A. Sargus, Jr.**
                                        **Magistrate Judge Elizabeth P. Deavers**

**NATIONWIDE MUTUAL
INSURANCE COMPANY** *et al.***,**

      **Defendants.**

## DISCOVERY ORDER

Plaintiff, J. Philip Lawroski, brings this age discrimination claim against Defendants Nationwide Mutual Insurance Company ("Nationwide"), his former employer, and Lynda Butler, his former supervisor.  This matter is before the Court for consideration of Plaintiff's August 20, 2012 Motion to Compel Discovery.  (ECF No. 11.)  Defendants filed their Memorandum in Opposition to Plaintiff's Motion on September 13, 2012.  (ECF No. 12.)  Plaintiff filed his Reply to Defendants' Memorandum in Opposition on September 28, 2012.  (ECF No. 15.)  For the reasons that follow, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.  The parties are **DIRECTED** to meet and confer to attempt to resolve the specific issues outlined below.  The Court will hold a status conference on January 9, 2013 at 2:00 p.m. to resolve any remaining discovery issues.  The Court will adjust the discovery cutoff date and dispositive motion deadline pending resolution of the discovery matters.

**I.**

Plaintiff, J. Philip Lawroski, is a fifty-five-year-old white male.  In his Complaint, he alleges that he worked for Defendant Nationwide for over sixteen years in various finance and actuarial capacities.  Throughout his employment, according to Plaintiff, he received exemplary performance evaluations and was a highly regarded employee.

On April 22, 2009, Defendant Butler became Plaintiff's supervisor.  Plaintiff alleges that Butler immediately began to engage in conduct designed to terminate Plaintiff on the basis of his age. (Compl. ¶ 13, ECF No. 1.)  On March 11, 2010, Butler announced the hiring of a much younger employee named Michael Ligas.  *Id.* at ¶ 16.  Ligas had been hired through Nationwide's Financial Leadership Rotation Program ("FLRP").  The FLRP, according to Plaintiff, consists of young, recent business school graduates who have no finance or actuarial experience.  *Id.*

Plaintiff alleges that Butler began to divert his work to Ligas.  Because Ligas was incompetent and incapable of doing the work satisfactorily, Plaintiff alleges that he corrected Ligas' mistakes and redid his work throughout 2010.  *Id.* at ¶ 18.

On November 4, 2010, Butler announced the creation of a new position at Nationwide, called the Financial Business Director position.  Plaintiff and Ligas both applied and interviewed for the position. On November 22, 2010, Nationwide promoted Ligas over Plaintiff.  *Id.* at ¶ 19.

On January 21, 2011, Plaintiff received a notice of termination letter.  *Id.* at ¶ 20.  Butler informed Plaintiff that he was being terminated because his position had been eliminated and there was no further work for him to do.  *Id.*  Plaintiff contends that Nationwide did not eliminate his position.  Rather, according to Plaintiff, Nationwide diverted all of his responsibilities to Ligas for the sole reason that Ligas is younger.  *Id.* at ¶ 25.

## II.

Plaintiff filed this action on December 11, 2011 asserting claims against Nationwide under the Age Discrimination and Employment Act, 29 U.S.C. § 626 *et seq.*, as well as state-law age discrimination claims against Butler.  Plaintiff served written discovery requests on Defendants on March 22, 2012.  (Pl.'s Mot. 2, ECF No. 11.)  Defendants subsequently requested and Plaintiff agreed to two separate extensions of time in which to respond to discovery.  *Id.*  Defendants responded to Plaintiff's written discovery on June 22, 2012.  Defendants raised numerous objections in their response.  The parties were unable to reach agreement with respect to Defendants' objections.  Plaintiff's instant Motion to Compel followed.

## III.

According to Plaintiff, Defendants have failed to respond, failed to fully respond, or improperly objected to the following written discovery requests.  In their briefing, the parties arranged the disputed discovery requests topically rather than numerically.  For ease of reference, the Court will also arrange the discovery requests topically.

**Plaintiff's Request for Retirement Plan Documents**

> **Request for Production No. 37**: For each year 2009, 2010, and 2011, provide documents evidencing any unfunded pension liability, over funding, and/or any money withdrawn by Nationwide, or added to Nationwide's bottom line financial report.

**Plaintiff's Requests for Lists of Assigned Projects**

> **Interrogatory No. 6**: Please provide a list of all projects that Plaintiff was assigned between April 22, 2009 until April 16, 2011.
>
> **Interrogatory No. 11**: List all duties that Plaintiff was assigned to perform in the month and year before his date of termination.
>
> **Interrogatory No. 12**: List all projects that Plaintiff was assigned to perform immediately prior to his termination.

**Plaintiff's Requests Regarding Removal of Job Duties and Projects**

**Interrogatory No. 7**: Of the projects listed in response to Interrogatory No. 6, identify the projects that were removed or eliminated by Plaintiff's supervisor, Lynda Butler, and the dates Ms. Butler removed or eliminated the projects.

**Interrogatory No. 8**: Of those projects listed in Interrogatory No. 7, identify all projects that Ms. Butler reassigned to other employees, the names of such employees, and their dates of birth.

**Interrogatory No. 9**: Describe all duties that Ms. Butler removed from Plaintiff between April 22, 2009 and April 16, 2011, and identify the dates such duties were removed.

**Interrogatory No. 10**: Identify the names of each employee who Ms. Butler re-assigned Plaintiff's duties [sic] and their dates of birth.

**Interrogatory No. 13**: Identify the name(s) of each employee who was assigned Plaintiff's projects [sic] after his termination, his/her date(s) of birth and list the corresponding project by the name of each employee.

**Interrogatory No. 14**: Identify the name(s) of each employee who was assigned Plaintiff's duties [sic] after his termination, their date(s) of birth and list the corresponding duties assigned to each such employee.

**Requests Regarding Plaintiff's Records**

**Request for Production No. 11**: The complete file (typewritten, hand-written and electronic) maintained by Human Resources or any other person regarding J. Philip Lawroski.

**Request for Production No. 23**: Any document describing the "objectives" for Plaintiff's position or work throughout his employment.

**Requests Regarding Other Nationwide Employees**

**Request for Production No. 10**: The Complete file (typewritten, hand-written and electronic) maintained by Human Resources or any other person regarding Michael Ligas.

**Request for Production No. 24**: Any document describing the "objectives" for Michael Ligas's position or work throughout his employment.

**Request for Production No. 22**: The complete Human Resources file maintained for Dan Dolsky.

**Requests Regarding the FLRP and Other Discrimination Claims**

> **Interrogatory No. 5**: Please provide a list of names of employees who were participants in the Financial Leadership Rotation Program (FLRP), including each employee's name, dates of hire, and age for the period 2009 to December 31, 2011.
>
> **Request for Production No. 40**: All EEOC and Ohio Civil Rights Commission charges, civil and internal complaints relating to age discrimination filed in court or before a government agency from the year 2000 to April 16, 2011.

**Requests Regarding Specific Work-Related Projects**

> **Request for Production No. 15**: Copies of any and all reports describing financial modeling projects prepared by Michael Ligas between March 2010 and April 2011.
>
> **Request for Production No. 16**: Any copies of documents describing the 15 Financial Initiatives Project, regardless of whether in draft or final form.
>
> **Request for Production No. 17**: Any documents describing instructions or directives for the 15 Financial Initiatives Project.
>
> **Request for Production No. 18**: Any and all documents relating to a project from April 2010 that evaluated the commission incentive program for agency acquisitions. Such documents may be titled or contain in the subject line, "Independent Agency Acquisition Program" or "IAA CIP Program Valuation."
>
> **Request for Production No. 27**: Any and all documents relating to a project from September 2010 that evaluated a New Jersey New Company.

**Requests Regarding Defendants' Allegations**

> **Request for Production No. 19**: All documents supporting Defendants'' contention that Plaintiff's position was for "special projects as needed."
>
> **Request for Production No. 20**: All documents that support Defendants' contention that Plaintiff's job function was to "inventory" the job duties of department employees.
>
> **Request for Production No. 28**: Any and all meeting minutes, notes, or recordings from a July 2010 meeting between Lynda Butler and the VPs and AVPs reporting to Michael Leach.

(Pl.'s Mot. To Compel 4-14, ECF No. 11; Def.'s Op. 5-15, ECF No. 12.)

**IV.**

Based on the representations the parties made in their briefing, the Court concludes that a number of their discovery disputes may be resolved informally without further judicial action. Accordingly, the parties are **DIRECTED** to meet and confer with respect to the following discovery requests.

**Request for Production Nos. 19, 20 and 28 (Requests Regarding Defendants' Allegations)**: Defendants indicate in their Memorandum in Opposition to Plaintiff's Motion, for the first time according to Plaintiff, that no documents responsive to these requests exist. (Def.'s Op. 16, ECF No. 12.)  If Defendants' representations are accurate and no such documents exist, Defendants should clearly state that to be the case in their responses to Plaintiff's discovery requests.  Because Defendants must produce only responsive documents which are in their care, custody or control, *Harris v. Advance America Cash Advance Centers, Inc.*, No. 1:11-cv-179, 2012 WL 6085266, at *5 (S.D. Ohio Dec. 6, 2012), Defendants' failure to state that no responsive documents exist implies that the opposite is true.  Thus, the parties shall meet and confer regarding these requests and discuss whether or not responsive documents exist. Defendants shall amend their responses accordingly.  The Court notes, however, that Defendants are under no obligation to create documents in order to respond to Plaintiff's requests.  *In re Porsche Cars North America, Inc.*, No. 2:11-md-2233, 2012 WL 4361430, at *9 (S.D. Ohio Sept. 25, 2012).  Rather, they must produce only those documents already in their care, custody, or control.  *Id.*

**Interrogatory Nos. 6, 7, 8, 11 and 12 (Requests for Lists of Assigned Projects and Requests Regarding Removal of Job Duties)**: Defendants likewise indicate, again apparently for the first time in their Memorandum, that they are unsure as to how they could find the information necessary to answer these interrogatories. (Def.'s Op. 7, 8, ECF No. 12.)

6

Defendants also posit that the terms "duties" and "removed" contained in the interrogatories are ambiguous because they "could refer to either the permanent reassignment of a task or a one-time excuse." *Id.* at 8.  Finally, Defendants contend that the interrogatories are overly broad because they cover a two-year period.  *Id.*  Plaintiff argues that the requests are not overly broad because they are limited to the period in which Defendant Butler was his supervisor.  (Pl.'s Reply 6, ECF No. 15.)

       The parties shall meet and confer with regard to these interrogatories to reach a mutual understanding as to the terms "duties" and "removed."  Moreover, the Court agrees with Plaintiff that these interrogatories are not overly broad.  They cover only the relevant period, which is the two-year period in which Defendant Butler supervised Plaintiff.  Again, if no such information responsive to these interrogatories exists, Defendants should amend their answers to make that clear.  The Court notes, however, that "there is no . . . provision allowing a party to avoid answering an interrogatory simply because the responsive information is not contained in a document."  *Kehoe Component Sales, Inc. v. Best Lighting Prods., Inc.*, No. 2:08-cv-752, 2010 WL 596501, at *3 (S.D. Ohio Feb. 16, 2010).  Rather, Defendants must make a good faith attempt to answer Plaintiff's Interrogatories to the best of their ability, even if they cannot turn to a document to find the responsive information.  *Id.*

       **Requests for Production Nos. 11 and 23 (Requests Regarding Plaintiff's Records)**: With these requests, Plaintiff seeks his personnel files and documents describing the objectives of his position.  Defendants argue that the requests are overly broad and vague. (Def.'s Op. 9-10, ECF No. 12.)  Specifically, Defendants argue that Plaintiff's request for "the complete file" "maintained by [anyone]" regarding J. Philp Lawroski encompasses privileged materials such as Defendants' in-house and outside counsel's files concerning Plaintiff.  *Id.* at 10.  Defendants also

7

contend that they have provided Plaintiff a number of documents responsive to these requests. *Id.* Plaintiff counters that Defendants have not produced documents describing the objectives of his position. (Pl.'s Reply 7-8, ECF No. 15.)  Nor have Defendants provided personnel documents maintained by Nationwide, according to Plaintiff. *Id*. at 8.

The parties shall meet and discuss narrowing Plaintiff's requests to exclude obviously privileged documents or Defendants may produce a privilege log.  They shall further confer as to whether additional documents exist that describe the objectives of Plaintiff's position and whether Nationwide maintains personnel documents that Defendants have yet to produce. Defendants are cautioned that, regardless of whether they have produced some documents responsive to Plaintiff's requests, they are required to produce all relevant, non-privileged documents in their care, custody and control that are responsive to Plaintiff's requests.  Fed. R. Civ. P. 34(a); *In re Porsche Cars North America, Inc.*, 2012 WL 4361430, at *5.

**Request for Production Nos. 10 and 24 (Requests Regarding Other Nationwide Employees -- Ligas)**: These requests seek the personnel file and other information relating to Mr. Ligas.  Defendants object to the requests as overly broad and irrelevant. (Def.'s Op. 11-12, ECF No. 12.)  Defendants also contend that they have already produced some documents responsive to these requests. *Id.* at 12.  Plaintiff counters that the information sought is relevant. Specifically, Plaintiff alleges in his Complaint that Defendants discriminated against him when they chose Ligas to replace Plaintiff on the basis of age.  (Pl.'s Reply 8, ECF No. 15.)

Neither party, however, addresses the various types of documents that Nationwide may include in the personnel files of its employees.  "[P]ersonnel files might contain highly personal information such as an individual's unlisted addresses and telephone numbers, marital status, wage information, medical background, credit history (such as requests for garnishment of

8

wages), and other work-related problems unrelated to [a] plaintiff's claims." *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999).  For this reason, Plaintiff's requests are overly broad because they capture irrelevant, potentially highly-sensitive information.  Plaintiff is, however, entitled to discover documents contained in the personnel files that are relevant to this case.  These could include any documents relating to performance expectations, performance reviews, job objectives, hire and/or promotion decisions, qualifications, notes pertaining to the interview and selection process, as well as any documents that would be responsive to any of the other categories of documents Plaintiff seeks to compel.  Thus, the parties shall meet and confer to narrow Plaintiff's requests to capture discoverable documents.

**Request for Production No. 22 (Request Regarding Other Nationwide Employees -- Dolsky)**:  With this request, Plaintiff seeks the personnel file of Mr. Dolsky.  Defendants object to this request as irrelevant and overly broad.  Defendants, however, indicated in their EEOC position statement that Ligas was hired not to replace Plaintiff, but to replace Dolsky.  (Pl.'s Reply Ex. 8 at 11, ECF No. 11.)  Thus, documents pertaining to Dolsky's position are relevant to this case.  Still, as set forth above, this request must be narrowed to capture only that information contained in Dolsky's personnel file that is relevant.  *Knoll,* 176 F.3d at 365.   The parties shall, therefore, meet and confer to narrow the request accordingly.

Finally, the Court encourages the parties to attempt to resolve the remaining discovery issues during the meet and confer process.  Specifically, the parties are encouraged to attempt to resolve their disputes over Interrogatory Nos. 5, 9, 10, 13 and 14, as well as Request for Production Nos. 15, 16, 17, 18, 27, 37 and 40.  Plaintiff has indicated in briefing his willingness to narrow a number of these requests.  Both parties are encouraged to work together to avoid the necessity of further judicial intervention.  In the event the parties are unable to reach agreement,

Case: 2:11-cv-01074-EAS-EPD Doc #: 17 Filed: 12/17/12 Page: 10 of 10  PAGEID #: 219

the Court has scheduled a status conference for January 9, 2013 at 2:00 p.m. to resolve any remaining issues.

**V.**

Accordingly, Plaintiff's Motion to Compel is **DENIED WITHOUT PREJUDICE**. (ECF No. 11.)  The parties are **DIRECTED** to meet and confer to attempt resolve the specific issues outlined above.  The Court will hold a status conference on January 9, 2013 at 2:00 p.m. to resolve any remaining discovery disputes.  The parties shall call chambers of The Honorable Elizabeth Preston Deavers at 614-719-3460 for the conference.  The Court will adjust the discovery cutoff date and dispositive motion deadline pending resolution of these discovery matters.

**IT IS SO ORDERED.**

Date:  December 17, 2012                                  /s/ *Elizabeth A. Preston Deavers*
                                                                                Elizabeth A. Preston Deavers
                                                                                United States Magistrate Judge